IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIANA GREENWALT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 206 CV 304 |
| | § | JURY TRIAL |
| PRIDE MOBILITY PRODUCTS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Pride Mobility Products Corporation's ("Pride Mobility") Motion to Transfer Venue (Docket No. 4). For the reasons set forth below, the Court **GRANTS** Pride Mobility's motion.

### BACKGROUND

In this diversity action, Diana Greenwalt alleges that Pride Mobility's Jet 3 Ultra Power Chair is defective. Greenwalt was injured when her gown allegedly became entangled on the joy stick controller and right wheel of her power chair causing the chair to tip over and land on top of her. The accident occurred at a nursing facility in Hays County, which is in the Western District of Texas, Austin Division.

This is Greenwalt's third filing on her products-liability claims. Greenwalt first filed suit in Hays County, but non-suited the case after Pride Mobility removed it to the Western District of Texas. Greenwalt then filed suit in the Eastern District of Texas. This Court transferred the case to the Western District of Texas upon Pride Mobility's unopposed motion to transfer venue. At Greenwalt's request, the Western District court subsequently dismissed the second suit without

prejudice. Greenwalt re-filed her case in this Court. Pride Mobility now moves for transfer to the Western District of Texas because venue here is improper and alternatively because venue in the Western District is more convenient.

## ANALYSIS

The Court notes that it previously ruled on this issue when it granted Pride Mobility's previous motion to transfer. However, because Greenwalt failed to oppose the motion, the Court did not substantively address venue in granting the previous motion. *See* Local Rule CV-7(d).

Venue is proper in this diversity case either in the Western District of Texas—where Greenwalt was allegedly injured—or in a judicial district where Pride Mobility resides. *See* 28 U.S.C. § 1391(a). Furthermore, because Texas has multiple districts, venue is proper in the Eastern District only if Pride Mobility's Eastern District contacts are either (1) sufficient to subject it to personal jurisdiction or (2) the most significant contacts Pride Mobility has with Texas. *See* 28 U.S.C. § 1391(c).

Pride Mobility asserts that it has no corporate offices in this District. Greenwalt bears the burden of establishing the Court's personal jurisdiction over Pride Mobility. *See Kevlin Servs. v. Lexington State Bank*, 46 F.3d 13, 14 (5th Cir. 1995). Greenwalt argues that Pride Mobility's admission that it does business in Texas is sufficient to establish venue in the Eastern District and offers a conclusory statement that Pride Mobility has sufficient contacts with this District for venue. However, Greenwalt has set forth no facts to suggest that Pride Mobility is subject to personal jurisdiction based on its contacts with this District or that Pride Mobility's most significant contacts with Texas are in this District. Because a corporate defendant's contacts for venue purposes must be specific to the district in a state with multiple districts, Greenwalt has not alleged facts sufficient

to establish venue in this District under § 1391(a)(1) and (c).

## CONCLUSION

Accordingly, the Court **GRANTS** Pride Mobility's motion to transfer this case to the Austin Division of the Western District of Texas. Therefore, the Court does not reach the issue of whether the Western District is a more convenient venue.

**So ORDERED and SIGNED this 22nd day of November, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**